IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gary Thomas and Ferris Harvley, | ) | Civil Action No. 6:18-cv-3140-TMC |
| Plaintiffs, | ) | |
| v. | ) | **ORDER** |
| South Carolina Department of Social Services, Porcha Moore, Patricia Agger, Pam Bryant, Katie Whaley, Rosemerry Felder-Commander, Mindy Zimmerman, Matthew P. Turner, Joan Meacham, | ) | |
| Defendants. | ) | |

Plaintiffs, proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. §§ 1983, 1985, 1986, alleging violations of their Constitutional rights. (ECF No. 15). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss this case without prejudice. (ECF No. 27). Plaintiffs were advised of their right to file objections to the Report. *Id.* at 6. Plaintiffs filed objections to the Report (ECF No. 31), and moved for leave to amend their Complaint (ECF No. 32).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those

1

portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Since Plaintiffs are proceeding *pro se*, this court is charged with construing their pleadings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the Plaintiffs' failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**I. BACKGROUND**

The magistrate judge provided a detailed account of the facts in his Report, which the court incorporates herein. Briefly, Plaintiffs allege that the South Carolina Department of Social Services ("DSS") and certain DSS employees wrongfully removed their children, L.B. and S.S., from their home. (ECF No. 15 at 2–3). Plaintiffs contend that DSS employee Porcha Moore, a named defendant, met with Plaintiffs and proposed a "safety plan" for the children and became verbally abusive when Plaintiffs refused to consent. *Id.* at 3. On June 5, 2018, and June 14, 2018, Plaintiffs contacted law enforcement in an effort to take custody of the children, but they were unsuccessful. *Id.* at 3 – 4. Plaintiffs state that the officers refused to help because the officers were

"under the impression that the children had been removed by DSS due to the Safety Plan." *Id.* at 4. Furthermore, Plaintiffs allege that Defendant Porcha Moore interrogated two of the minor children and arranged mental health treatment for them against Plaintiffs' wishes. *Id.* at 5. Plaintiffs state that they emailed DSS numerous times regarding Defendant Moore's actions, but these emails went unanswered. *Id.* at 4–5.

Plaintiffs filed an action in Laurens County Family Court seeking return of the children. *Id.* at 4. A hearing was held on June 19, 2018, before Judge Zimmerman. *Id.* at 7. Plaintiffs contend that the hearing was unfair because Judge Zimmerman barred Plaintiff Thomas from the courtroom, did not hear their complaints against Defendants Moore and DSS, issued a no contact order against Plaintiff Thomas, and denied Plaintiffs' request for custody of the children. *Id.* Plaintiffs allege that Judge Zimmerman ordered Plaintiffs to submit to drug screenings despite there being "no indication given during the proceedings that any drug use may have been in any way connected to allegations of abuse or neglect." *Id.* at 8. According to Plaintiffs, there never was a finding of abuse or neglect at the hearing. *Id.*

Plaintiffs argue that Judge Zimmerman's order is void on its face and should be nullified. *Id.* at 9 – 10. Plaintiffs filed a motion to vacate Judge Zimmerman's order, which was denied. *Id.* at 10. Plaintiffs contend that Judge Turner improperly denied their motion without giving them a fair hearing, *id.* at 10, and denied them a final, appealable order. *Id.* at 15.

In addition to the facts surrounding the custody disputes regarding L.B. and S.S., Plaintiffs allege that Defendant Whaley, a supervisor with DSS, committed perjury and conspired to prevent Plaintiff Thomas from obtaining custody of his child, S.M.T. *Id.* at 15. Plaintiffs assert that several fabricated statements were made during the Thomas's hearing regarding custody of S.M.T. and that several people in attendance knew such statements to be perjured. *Id.* at 16.

Plaintiffs seek the following relief: (1) emergency injunctive relief requiring defendants to return custody of L.B., S.S., and S.M.T. to Plaintiffs; (2) a declaration by the court that S.S. and L.B. were kidnapped from Plaintiff Harvley; (3) compensatory damages of ten million dollars; (4) punitive damages in the amount of fifty million dollars; (5) an award of costs to Plaintiffs; (6) any other relief the court deems appropriate. *Id.* at 17.

## II. LAW AND ANALYSIS

In his Report, the magistrate judge determined that Plaintiffs' claims are barred by the *Rooker-Feldman*[1] doctrine because Plaintiffs seek to have this court review an order by the state family court. (ECF No. 27 at 4). Plaintiffs objected to this determination, stating that they do not seek to have the District Court "intervene to alter or overrule" the decisions of the state court but seek "primarily that the District Court award damages sought for the state's infringement on Plaintiffs' federal Constitutional rights." (ECF No. 31). However, the court agrees with the magistrate judge that the crux of Plaintiffs' case challenges the validity of the state court's orders and seeks to vacate or overrule the state court's decisions. While Plaintiffs do not expressly ask for such in their request for relief, the relief requested requires a declaration that the state court's orders were invalid or improper. Specifically, Plaintiffs seek for this court to declare that the children were "not lawfully retained from Ms. Harvley's custody, care and control," (ECF No. 15 at 17), a declaration of which would, at its very core, contradict the state court's ruling in favor of removal. It is not within the power of this court to question that decision. *Cf. In re Genesys Data Tech., Inc.,* 204 F.3d 124, 127 (4th Cir. 2000) (stating that pursuant to 28 U.S.C. §1738, all federal courts must give full faith and credit to valid state court judgments). Additionally, while Plaintiffs are correct that they seek various forms of monetary damages in this case, as a basis for the

---

[1] *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

monetary damages, Plaintiffs ask this court to declare that the children were "unlawfully retained," which would constitute a finding that the removal of the children was improper.

The court notes that Plaintiffs indicated that they were filing a motion for leave to amend the Complaint to "dispel any future inferences that alteration of state court proceedings is sought in this lawsuit." (ECF No. 31). Plaintiffs filed their motion (ECF No. 32) and attached a proposed Amended Complaint (ECF No. 32-1). This proposed Amended Complaint no longer lists Patricia Agger or Pam Bryant as defendants, adds two deputies with the Greenville County Sherriff's Office as defendants, and abandons the request for an emergency injunction.[2] (ECF No. 32-1). None of the proposed amendments to the Complaint cure the deficiencies addressed by both the magistrate judge and this court. At the core of Plaintiffs' proposed second amended complaint, Plaintiffs still claim that Judge Zimmerman's removal order was "void on its face," that Judge Turner improperly denied their motion to vacate, and that the children were "not lawfully retained from [Plaintiff] Harvley's custody, care and control." (ECF No. 32-1). Accordingly, the court denies Plaintiffs' motion to for leave to amend the complaint because the proposed amendments are futile.[3] *See* Fed. R. Civ. P. 15; *Johnson v. Oroweat Foods, Co.*, 785 F.2d 503, 509 (4th Cir. 1986) ("leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile").

## V. CONCLUSION

After a thorough review of the Report and the entire record in this case in accordance with the standard set forth above, the court adopts the magistrate judge's Report (ECF No. 27) to the

---

[2] Plaintiffs filed a motion for emergency injunctive relief the same day that they filed their initial Complaint. (ECF No. 4). The court denied this motion. (ECF No. 12).
[3] Furthermore, based on the nature of this case, the deficiencies could not be cured by further amendment.

5

extent that it is consistent with this Order and incorporates it herein. Because the proposed amendments do not cure the deficiencies of the Complaint, the court **DENIES** Plaintiffs' motion for leave to amend (ECF No. 31). Accordingly, this case is **DISMISSED without prejudice**[4] and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

March 29, 2019
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[4] The court finds dismissal *without prejudice* to be proper because it is abstaining from ruling on the merits of the petition pursuant to the *Rooker-Feldman* doctrine.